**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 22-6264-JFW(MAAx)**                           Date:  April 24, 2023

Title:       Irving Cardozo -v- Nissan North America, Inc., et al.

---

**PRESENT:**
          **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    **Shannon Reilly**                                      **None Present**
    **Courtroom Deputy**                                  **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
    None                                                           None

**PROCEEDINGS (In Chambers): ORDER DENYING WITHOUT PREJUDICE DEFENDANT**
                                  **NISSAN NORTH AMERICA, INC.'S MOTION TO DISMISS**
                                  **PLAINTIFF'S COMPLAINT PURSUANT TO 12(b)(6)**
                                  **[filed 10/24/2022; Docket No. 17];**

                                  **ORDER TO SHOW CAUSE RE: SANCTIONS**

       On October 24, 2022, Defendant Nissan North America, Inc. ("Defendant") filed a Motion to Dismiss Plaintiff's Complaint Pursuant to 12(b)(6) ("Motion to Dismiss").  On April 10, 2022, Plaintiff Irving Cardozo ("Plaintiff") filed his Opposition.  On April 17, 2023, Defendant filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for May 1, 2023 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

       Local Rule 7-3 requires, in relevant part, that counsel contemplating the filing of any motion to "first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution."  Local Rule 7-3. That conference shall take place at least seven days prior to the filing of the motion.  *See id.*  In addition, the Court's Standing Order further provides:

       Counsel should discuss the issues with sufficient detail so that if a motion is still
       necessary, the briefing may be directed to those substantive issues requiring
       resolution by the Court. . . . All 7-3 conferences shall take place **in person** by lead
       counsel.  If lead counsel are not located in the same county in the Central District of
       California, the conference may take place via video (letters and e-mail do not
       constitute a proper 7-3 conference). . . . Not more than three days after the 7-3

conference for any contemplated motion, counsel shall file a joint statement
indicating the date of, duration of, and method of communication used during the
conference and the participants in the conference.  In addition, the joint statement
shall detail the issues discussed and resolved during the conference and the issues
remaining.  Failure to strictly comply with the Court's requirements or Local Rule 7-3
will result in the striking and/or the denial of the motion.

Standing Order (Docket No. 14), ¶ 5(b).

In this case, although Defendant's counsel conducted a 7-3 Conference, Defendant failed to
conduct the conference in person and failed to file the Joint Statement required by the Court. As
stated in the Court's Standing Order, "[m]any motions to dismiss or to strike could be avoided if the
parties confer in good faith especially for perceived defects in a Complaint . . . which could be
corrected by amendment."  Standing Order ¶ 5(b).  This is particularly true in this case as it
appears that Plaintiff was amenable to filing an amended complaint to correct at least some of the
perceived defects in his Complaint.  *See, e.g.,* Plaintiff's Opposition at 14 ("Plaintiff recognizes the
motion's preoccupation and confusion as to which defect pertains to which cause of action.  Again,
this issue could have been resolved through the Local Rule 7-3 Conference or the filing of a First
Amended Complaint.").

Moreover, both parties failed to lodge the Proposed Statement of Decision required by the
Court's Standing Order.  The Court's Standing Order provides in relevant part: "Not more than two
days after the deadline for filing the Reply, each party shall lodge a Proposed Statement of
Decision, which shall contain a statement of the relevant facts and applicable law with citations to
case law and the record."  Standing Order ¶ 5(f).  The Standing Order also warns: "Failure to lodge
the Proposed Statement of Decision will result in the denial or granting of the motion."  *Id.*

Accordingly, Defendant's Motion to Dismiss is **DENIED without prejudice** to re-filing in
accordance with the Local Rules, the Court's Standing Order, and the Court's Scheduling and
Case Management Order.  Failure to comply with the Local Rules, the Court's Standing Order, or
the Court's Scheduling and Case Management Order will result in the striking and/or denial of the
motion.

In addition, both Plaintiff and Defendant are ordered to show cause in writing by **May 1,
2023** why the Court should not impose sanctions in the amount of $1,500.00 against each lead
counsel for their violation of the Local Rules and/or the Court's order.  No oral argument on this
matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-
15.  The Order to Show Cause will stand submitted upon the filing of the response to the Order to
Show Cause.   Failure to respond to the Order to Show Cause will result in the imposition of
sanctions and/or the dismissal of this action.

IT IS SO ORDERED.

Initials of Deputy Clerk __sr__